**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HAROLD L. KELLER,**

        **Plaintiff,**

**-vs-**                                                                                        **Case No. 6:04-cv-1829-Orl-28UAM**

**FORBES ELECTRICAL SERVICES, INC.,**
**PHOENIX TECHNICAL SERVICES, INC.,**
**DANIEL T. ROSENBERG,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION AND MEMORANDUM FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 45)**
>
> **FILED:** October 5, 2007
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND**

In his amended complaint, Plaintiff Harold L. Keller seeks to hold Defendants Forbes Electrical Services, Inc. ("Forbes"), Phoenix Technical Services, Inc. ("Phoenix"), and Daniel T. Rosenberg liable for three counts of breach of contract related to Keller's former employment with Forbes. Doc. No. 23. Through counsel, Forbes and Rosenberg appeared, answered, and asserted a counterclaim in this case.

*See* Doc. No. 25.  The Plaintiff effected service on Phoenix in July 2005 by serving a copy of the summons and complaint in this case on Rami Y. Nassib, the President of Phoenix.  *See* Doc. No. 34-2 at 16-17.  Thereafter, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court, and the district judge ordered this case stayed on September 15, 2005.  Doc. Nos. 27, 28, 29.

On May 29, 2007, the district court granted Plaintiff leave to re-open the case for the purpose of prosecuting the claims against Phoenix only, and ordered Phoenix to file a responsive pleading to the amended complaint within twenty days.  Doc. No. 35.  No responsive pleading having been filed, the Clerk entered default against Phoenix on July 10, 2007. Doc. No. 40. On October 5, 2007, the Plaintiff filed an unopposed motion seeking a dismissal without prejudice as to Forbes and a dismissal with prejudice as to Rosenberg; however the Plaintiff did not address the counterclaim asserted by Forbes. *See* Doc. No. 46.  Thereafter, in compliance with the Order entered on October 19, 2007 (Doc. No. 48), the Plaintiff and Defendants Forbes and Rosenberg executed a Joint Stipulation for Dismissal with Prejudice regarding the counterclaim asserted against the Plaintiff. Doc. No. 49.  The Court subsequently entered an order dismissing with prejudice the case as to Forbes and Rosenberg along with the counterclaim. Doc. No. 50.

The remaining issue for this Court's determination is the Plaintiff's amended motion for a default judgment against Phoenix.  Phoenix failed to answer Plaintiff's amended complaint after being afforded proper service. Additionally, the Clerk was directed to mail to Phoenix copies of the Order granting the Motion to reopen the case, the Order granting the Plaintiff's Motion for entry of default, and the Clerk's Entry of Default.[1]

---

[1] *See generally* docket entries relative to numbers 24, 35, 39, 40, and 42.

**II.    THE LAW**

    **A.    Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997), *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

**III.    ANALYSIS**

Plaintiff seeks the entry of default judgment against Phoenix in the total amount of $295,555.54 on Counts I and II of the amended complaint. Doc. No. 41 (as amended in Doc. No. 45).   In Count I and Count II of the amended complaint, Plaintiff alleges breach of an Employment Agreement and a Stock Redemption Agreement, respectively.  Doc. No. 23 at 2-4.  In June 2003, Plaintiff and Forbes entered into the Employment Agreement, which was personally guaranteed by Rosenberg, Doc. No. 23-2, and in September 2003, Forbes and Rosenberg entered into the Stock Redemption Agreement with Plaintiff, Doc. No. 23-3.

According to the Employment Agreement, payments were to be made to the Plaintiff for a total sum of $175,000.00, which was payable in monthly payments of $1,000.00 for the first 48 months and monthly payments of $3,527.77 for the following 36 months.  *See* Doc. No. 1 at 13. The first payment was to be made on September 17, 2003. *Id.*  The agreement was breached in July 2004 when Plaintiff received only one-half of the total monthly payment and did not receive any subsequent payments. Doc. No. 23, ¶ 10.

Pursuant to the Stock Redemption Agreement, Forbes and Rosenberg purchased 4,995 shares of Forbes Electrical Services, Inc. from Plaintiff.  Doc. No. 23-3. In consideration for the purchase, Forbes and Rosenberg were to submit payment to the Plaintiff totaling $350,000.00, with the first payment to be made on October 1, 2003. *Id.* Plaintiff was to receive $5,250.00 each month for the first 48 months, and $2,720.22 per month for the following 36 months. *Id.* at 5.  *See also* Doc. No. 23-5. Plaintiff maintains Phoenix is in default on the Stock Redemption Agreement for failure to remit any payment in accordance with the terms of the agreement.

Plaintiff substantiates the merger of Forbes and Phoenix with the announcement letter dated May 23, 2004, bearing the signatures of Rami Nassib and Dan Rosenberg. Doc. No. 45-5. Pursuant to paragraph 8 of the Employment Agreement, Phoenix became bound by the its terms upon the merger of Forbes and Phoenix. *See* Doc. No. 23-2, ¶ 8 ("The provisions of this Agreement shall inure to the benefit of, and shall be binding upon, the Company, its successors and assigns, and Employee, the personal representative of his estate and his heirs and legatees.").

Plaintiff attached an Affidavit with the Amended Motion indicating he is owed $43,555.54 under Count I and $252,000.00 under Count II of the amended complaint.[2] Doc. No. 45-3. Plaintiff requests the Court to enter a judgment against Phoenix for the sum of $295,555.54.

Upon examination of the pleadings and the affidavit of Plaintiff filed in support of the motion for amended default judgment, doc. nos. 23, 26, 41-2, 45-5, the Court finds that there is sufficient basis in the pleadings for judgment to be entered against Phoenix as to Counts I and II of the Plaintiff's amended complaint. By failing to answer the Plaintiff's complaint, Phoenix has effectively admitted the well-pleaded facts delineated in the Plaintiff's complaint.

Accordingly, it is

**RECOMMENDED** that Plaintiff Harold L. Keller's motion for default judgment [Docket No. 45] against Phoenix Technical Services, Inc. be **GRANTED**. It is

---

[2] $500.00 due for July 2004 and $1000.00 owed from August 2004 through July 2007, totaling $36,500.00. Subsequently, $2,527.77 was to be remitted August and September 2007, totaling $7,055.54. The total amount owed to Plaintiff on Employment Agreement is $43,555.54. No payments have been made pursuant to the Stock Redemption Agreement, leaving a balance owed of $252,000.00

**FURTHER ORDERED** that the Clerk of Court shall serve a copy, by registered mail, of this Report and Recommendation to: Phoenix Technical Services, Inc., 702 N. Des Plaines Road, Plainfield, IL, 60544.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida this 4th day of January, 2008.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy